IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA PLAINTIFF

V. CRIMINAL NO. 3:25-CR-00078-DCB-ASH

TIMOTHY BROWN DEFENDANT
A/K/A KT

MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS INDICTMENT

BEFORE THE COURT is Defendant's Motion to Dismiss, and the Defendant, Timothy Brown, would state to the Honorable Court that the motion should be granted for the reasons that will follow:

## I. FACTUAL HISTORY[1]

In June 2022, the Federal Bureau of Investigation (FBI) began to gather information on the Defendant's involvement in the distribution of controlled substances. In February 2024, the FBI allegedly conducted controlled purchases from the Defendant through a confidential informant. During a controlled purchase in April 2024, the FBI honed in on a residence on Lee Drive in Jackson, Mississippi known as its "Target Premises" after the Defendant was seen driving a vehicle to the location. Then, agents determined that the residence was the Defendant's primary residence. On September 24, 2024, the FBI obtained a search warrant for the Target Premises. On October 3, 2024, the FBI, supported by local authorities (i.e., Hinds County Sheriff's Department), executed a

[1] The factual history contains information which the defense expects to show during an evidentiary hearing on the Motion to Dismiss Indictment.

search warrant at the Target Premises. However, the FBI entered the interior of the premises, discovered a controlled substance believed to be methamphetamine in the oven, and obtained information that the Defendant was likely located across the street. Investigator Jaye Coleman of the Hinds County Sheriff's Department, also an assigned task force officer with the FBI, was instructed to obtain a search warrant for a second home located on Lee Drive and an arrest warrant for the Defendant. On October 3, 2024, the Hinds County Circuit Court issued a bench warrant for the arrest of the Defendant and a search warrant for that particular home. During that afternoon of the same date, the FBI executed the search warrant at the second Lee Drive home and arrested the Defendant as he exited the residence.

## II. PROCEDURAL HISTORY FOR PURPOSES OF THE MOTION TO DISMISS

1. On October 3, 2024, the Defendant was arrested by the FBI pursuant to a state-issued warrant. *See* Exhibits C and D attached to the motion.
2. By November 3, 2024, Defendant had not been indicted.
3. On May 6, 2025, the grand jury issued a nine (9) count indictment against the Defendant followed by ten (10) count superseding indictment on June 10, 2025. *See* Exhibit A for original indictment attached to motion.
4. This matter is presently scheduled for trial during the March term of the Court.
5. The Defendant now asks this Court to grant his request to dismiss this claim for the reasons herein.

## III. ARGUMENT

Because the *ruse exception* to the Speedy Trial Act applies herein, this Court should dismiss the impending cause to remedy the current prejudice against the Defendant.

The Speedy Trial Act of the United States Code provides a foundational framework for this Court's review of the Defendant's Motion. 18 U.S.C. § 3161(b) provides that a charging document must be filed by the federal government within thirty (30) days from the date of arrest of the defendant. Section 3162(a)(1) provides that dismissal (with or without prejudice) is required where there is a violation of Section 3161(b). The Defendant has the burden of proving that a speedy trial violation has occurred. U.S. v. Johnson, 29 F.3d 940, 945 (5th Cir. 1994).

In the case *sub judice*, it is anticipated that the Government will argue that the Defendant was arrested pursuant to a state warrant charging him with the subject drug offense; that the federal government only assisted local law enforcement in the arrest; and that the speedy trial clock, therefore, only began when Brown was transferred to federal custody. The Defendant does not disagree with the Government's anticipated position as a general matter, but would point out that there is an exception: the *ruse exception.* While historically the *ruse exception* derives from cases that have involved civil detentions that are substitutions for criminal arrests by the federal government, they, also, have extended to apply to pretextual State criminal arrests that really effectuate federal prosecution. U.S. v. De La Pena-Juarez, 214 F.3d 594, 598 (5th Cir. 2000) (citing U.S. v. Cepeda-Luna, 989 F.2d 353, 357 (9th Cir. 1993)). For this particular exception to the

Speedy Trial Act, the Court must find a speedy trial violation after the Defendant has shown that State law enforcement officers colluded with the federal authorities to detain the defendant for the primary or exclusive purpose of future federal prosecution, thereby circumventing the Speedy Trial Act. *Id.* U.S. v. Mooneyham, No. 09-40731, 2-3(5th Cir. 2010).

In the U.S. v. Hopkins, the United States Court for the Middle District of Pennsylvania eventually found, after a Motion to Reconsider, that the *ruse* exception applied and granted, in part, the Defendant's Motion to Dismiss. U.S. v. Hopkins, Crim. 1:21-CR-00177 (M.D. Pa. Apr 25, 2023). One of the bases of this dismissal was newly discovered evidence—that the Task Force Officer (TFO) requested in writing a high bail before the Magistrate Judge because the defendant was being federally indicted, contrary to the officer's prior testimony at an evidentiary hearing. *Id.* at 18. The Court seriously doubted the TFO's credibility after he provided conflicting testimony. Because the Defendant could not bond out on the high bail that was set by the lower court, the district court found that Defendant remained in State custody for more than four months (or 125 days) before an indictment was filed for sole or primary purpose of preparing federal criminal prosecution. *Id.* at 22-4. As a result, Hopkins was entitled to a dismissal of the offense charged in the original complaint, which was Count II of the indictment. *Id.* at 25.

In the subject matter, the record fully supports the Defendant's assertion of collusion by state and federal law enforcement for the primary purpose of federal prosecution. In the preliminary hearing on December 19, 2024 before the Hinds County,

Mississippi County Court Judge Johnnie McDaniels, Investigator Jaye Coleman[2], a Task Force Officer with the FBI (hereafter "TFO Coleman,") testified that a federal search warrant for Target Premises related to the Defendant was obtained. The search warrant was preceded by a FBI operation that included controlled buys from the Defendant. Tr. 5, 12-13, 21. The FBI and not the State law enforcement officers conducted the search of the interior of the residence, which led to the discovery of a narcotic in the oven and information that the Defendant was located across the street from the Target Premises. Tr. 5-7, 16-18. TFO Coleman was then tasked with obtaining search and arrest warrants for that home. Tr. 6. TFO Coleman obtained a search warrant for the house across the street on October 3, 2024, claiming the Sheriff's Office solicited the assistance of the FBI to apprehend the Defendant. However, the FBI arrested the Defendant from that address. Tr. 6. TFO Coleman filed the charge of possession of a controlled substance against the Defendant. Tr. 10-11. Upon being questioned by Defense Counsel, TFO Coleman testified that he assumed that this case began and would end with the federal government. Tr. 19. He, also, said it would be adopted by the federal government for prosecution. *Id.*

From the transcript of the preliminary hearing, we are able to clearly observe the intent of the federal government from the narrative of TFO Coleman: to bring federal criminal charges against the Defendant. To that end, the Defendant was only arrested by the federal government after a federal investigation took place, an initial federal search warrant was obtained, the FBI's search was performed, and secondary State warrants were executed. All of these efforts were spearheaded by the FBI and supported by local

---

[2] Coleman, also, was employed with the Hinds County Sheriff's Office.

State officials. Similar to the scenario in Hopkins, according to his testimony at the Preliminary Hearing, TFO Coleman was instructed to obtain a search warrant likely to aid the FBI's ensuing investigation.

Finally, even though the Defendant was arrested by the FBI on or about October 3, 2024, he was not indicted until May 6, 2025, two hundred sixteen (216) days later. As stated above, under Section 3161(b), the federal government had thirty (30) days from the time of making an arrest to bring their indictment. Because there has been a clear violation of the Speedy Trial Act, this Court should grant the Defendant's Motion to Dismiss.

## IV. CONCLUSION

The Defendant is currently prejudiced by the United States Government's ongoing prosecution of him through the indictment in this matter after the federal government clearly and completely colluded with the State of Mississippi for the primary purpose of this cause.

RESPECTFULLY SUBMITTED this the 20th day of January, 2026.

**/s/ Sanford E. Knott**
SANFORD E. KNOTT, MSB #8477
COUNSEL FOR DEFENDANT

OF COUNSEL:

SANFORD KNOTT & ASSOCIATES, P.A.
Post Office Box 1208
Jackson, Mississippi 39215-1208
Telephone Number: (601) 355-2000
Facsimile Number: (601) 355-2600

**CERTIFICATE OF SERVICE**

I, Sanford E. Knott, do hereby certify that I have on this day e-filed, via CM/ECF, and email a true and correct copy of the foregoing document to the following:

brett.grantham@usdoj.gov
C. Brett Grantham, Esquire
Office of the United States Attorney
188 East Capitol Street, Suite 500
Jackson, Mississippi 39201

This the 20th day of January, 2026.

**/s/ Sanford E. Knott**
SANFORD E. KNOTT, MSB #8477
COUNSEL FOR DEFENDANT