IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

v. Criminal No. 3:25cr78-DCB-ASH

TIMOTHY BROWN
a/k/a "KT"

**MOTION IN RESPONSE TO DEFENSE MOTION TO DISMISS**

The United States of America, by its undersigned Assistant United States Attorney, submits the following response to Defendant's motion to dismiss for alleged violations of the Speedy Trial Act.

**FACTUAL SUMMARY**

While on bond for unrelated state offenses, Timothy Brown was under investigation in 2024 for the distribution of controlled substances in Hinds County in the Northern Division of the Southern District of Mississippi. Law enforcement made controlled purchases of narcotics from Brown on the following dates: August 11, 2022; February 28, 2024; April 4, 2024; September 13, 2024. Following the controlled purchases, agents obtained a federal search warrant for a residence associated with Brown. On October 3, 2024, law enforcement executed the federal search warrant at 3654 Lee Drive in Hinds County yielding large quantities of suspected methamphetamine, cocaine, and boxes of ammunition.[1] While on site, agents noticed Brown's car nearby and sought a separate state search warrant for the property next door, where they eventually found Brown. The searches included participation by federal agents from the Federal Bureau of Investigation (FBI) and state law enforcement officers from the Hinds County

[1] Timothy Brown was a prohibited person on October 3, 2024, and could not lawfully possess ammunition.

Sheriff's Office (HCSO) credentialed as task force officers (TFOs). A Hinds County Judge issued a search warrant for the property and an arrest warrant for Brown based on affidavit asserting violations of state law that was prepared by a Hinds County sheriff's deputy who was also serving as a TFO.

Defendant was arrested by the Hinds County Sheriff's Office as authorized by bench warrants issued from a Hinds County Circuit Court Judge on October 3, 2024, for violations of Mississippi's drug law, specifically Miss. Code. Annotated § 41-29-139(c). Brown was detained pending trial, as he was on bond at the time of the offense for a past state offense. As of this writing, the undersigned has no reason to believe that Brown has been indicted by the State of Mississippi. The defendant underwent a preliminary hearing in state court. The case captioned *State of Mississippi v. Timothy Brown* Cause No.: 24-1614 began in Hinds County court with a preliminary hearing.

After additional investigative steps were made, a federal grand jury returned an indictment on May 6, 2025, and a superseding indictment on June 10, 2025, for violations of 18 U.S.C. § 841(a)(1) and 18 U.S.C. § 922(g)(1). Brown now seeks dismissal of the federal indictment based on allegations that the Speedy Trial Act has been violated.

## SUMMARY OF THE ARGUMENT

Timothy Brown has failed to meet his burden that federal and state authorities "colluded" to deprive him of speedy trial rights under § 3161(b). The Speedy Trial Act does not begin running when a defendant is arrested by state authorities on state charges. Generally, a defendant is not arrested under § 3161(b) until he is taken into custody after a federal arrest for the purpose of responding to a federal charge. Consequently, Brown's speedy trial clock did not begin running when Brown was arrested on state drug charges on October 3, 2024. Furthermore, there

was no Speedy Trial Act violation because no facts demonstrate that the "primary or exclusive" purpose of the state detention was a "ruse" designed to circumvent the statute. The collaboration between federal and state officials here is unobjectionable and even encouraged under existing precedent.

**DEFENDANT'S MOTION TO DISMISS SHOULD BE DENIED BECAUSE NO RUSE EXCEPTION TO THE SPEEDY TRIAL ACT APPLIES HERE**

It is undisputed that Brown was arrested by local authorities on October 3, 2024, pursuant to a Hinds County arrest warrant for alleged violations of Mississippi's drug law. *See* Miss. Code Ann. § 41-29-139(c).

**Legal Principles**

Under the federal Speedy Trial Act, federal charging documents must be filed within 30 days of an arrest. *See* 18 U.S.C. § 3161(b) ("any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges."). Arrests made by state and local officers for violations of state or local law do not generally start the speedy trial clock. *United States v. Kelley*, 40 F.4th 276 (5th Cir. 2022). A limited exception exists where a defendant demonstrates that the primary or exclusive purpose of his state detention was a ruse to circumvent the federal speedy trial right. The burden rests with the defendant. Even if state and federal officials are cooperating at the time of the arrest, an arrest by state officers does not start the 30-day speedy trial clock. *Id*. Courts only apply the narrow "ruse" exception if the defendant demonstrates that the ***primary or exclusive*** purpose of the detention was to hold him for future federal criminal prosecution as an end around to the Speedy

Trial Act. *United States v. Mearis*, 36 F.4th 649 (5th Cir. 2022). The defendant has not met his burden here.

**Discussion**

A Task Force Officer, employed by the Hinds County Sheriff's Office, was part of the team investigating Brown's illegal drug activities. That sheriff's deputy authored the affidavit for the state arrest warrant. The sheriff's deputy maintains a credential as a Task Force Officer for the Federal Bureau of Investigation. This permits the deputy to submit cases for consideration for federal prosecution by the United States Attorney's Office.

Brown argues that the deputy's status as a task force officer and the deputy's "assumption that the case would go federal" during his testimony at the state preliminary hearing are sufficient evidence of a "ruse" to deprive Brown of his speedy trial rights in this separate federal case. At the state preliminary hearing, the sheriff's deputy was subject to cross examination at the preliminary hearing by Brown's current counsel. During Brown's cross-examination, Brown's counsel did not elicit any testimony that the "primary or exclusive" purpose of the arrest for violation of state drug laws was to require Brown to "sit and wait" in state custody while Brown's federal criminal activity was further investigated and considered for possible federal charges. Brown's Counsel elicited information that the sheriff's deputy was a Task Force Officer and asked questions about his role in the investigation. However, the deputy never testified that he was directed by any federal agent or prosecutor to arrest Brown on state charges to allow time for a federal investigation or charging decision by the U.S. Attorney's Office (USAO). Further, the USAO is not required to accept any case submitted for prosecution and exercises prosecutorial discretion consistent Department of Justice policy and guidance.

There is no evidence that a member of the U.S. Attorney's Office directed any law enforcement officer to bring state charges with the purpose of holding Brown in state custody as a federal investigation continued. Brown has not shown a "ruse" existed here. Even in *Kelley*, the court found no violation where an AUSA coordinated with a task force officer and state assistant district attorney to postpone prosecuting a defendant while pursuing federal charges post-arrest. As in *Kelley*, Brown cannot assume Hinds County acted in bad faith, which he must prove, when the state had an independent obligation to prosecute him.[2]

Brown's authority in *De La Pena-Juarez* is distinguishable as a civil deportation proceeding. Even in *De La Pena-Juarez*, the court found no violation. Further, *Mooneyham* stands for the same proposition with the same result that cooperating authorities are not colluding authorities. *United States v. Mooneyham* 376 Fed. Appx. 440 (2010) citing *United States v. Charles*, 883 F.2d 355, 356 (5th Cir. 1989).

There is simply no evidence that the USAO or the FBI directed the Hinds County Sheriff's Office, colluded with members of that office, or took steps as an end around the Speedy Trial Act. Because the evidence shows normal law enforcement cooperation, not a "ruse" to detain Brown for purposes of avoiding the federal speedy trial clock's requirements, Brown's motion must fail.

## <u>EVIDENTIARY HEARING</u>

Brown's motion to dismiss should be denied without an evidentiary hearing. Defendant's counsel was permitted to cross examine the primary witness on which his collusion claim rests

[2] A State may prosecute a defendant under state law even if the Federal Government prosecutes him for the same conduct under a federal statute. *Gamble v. United States*, 587 U.S. 678, 139 S. Ct. 1960 (2019).

during the state's preliminary hearing. No additional evidence has been proffered to meet the defendant's evidentiary burden to establish a violation of the Speedy Trial Act.

DATED: February 6, 2026

Respectfully submitted,

J.E. BAXTER KRUGER
United States Attorney

By: */s/ C. Brett Grantham*
Assistant United States Attorney
501 East Court Street, Suite 4.430
Jackson, MS 39201
Telephone: (601) 965-4480
Fax: (601) 965-4035
MS Bar No. 105201
Email: Brett.Grantham@usdoj.gov

**CERTIFICATE OF SERVICE**

I do hereby certify that I have filed the foregoing document using the ECF system which has provided notice of such filing to all counsel of record.

By: */s/ C. Brett Grantham*
Assistant United States Attorney