IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA PLAINTIFF

V. CRIMINAL NO.: 3:25-CR-78-DCB-ASH

TIMOTHY BROWN DEFENDANT
A/KA KT

**MOTION TO RECONSIDER ORDER**
**DENYING MOTION TO DISMISS INDICTMENT**

COMES NOW the Defendant, Timothy Brown, by and through counsel, who urges this Court to reconsider its order denying his Motion to Dismiss Indictment for reasons that will follow, to wit:

1. On January 16, 2026, Brown filed his motion to dismiss the indictment alleging a speedy trial violation. In said motion and accompanying memorandum, Brown argued that he was arrested by the federal government, via the FBI, and State authorities. It was, further, argued that the State's involvement in holding Brown was a *ruse* and that the real purpose was to collaborate with the federal government to detain Brown for future federal prosecution.
2. The government responded to Brown's motion and a hearing was held thereon on June 30, 2026, and by a subsequent order on July 8, 2026, this Court denied Brown's motion to dismiss finding, *inter alia*, that the *ruse exception* to the Speedy Trial Act did not apply. Cite omitted.
3. What the Court misapprehended or overlooked was that Brown was detained and arrested by the State authorities only after the FBI detained and arrested him first. Thus, the Speedy Trial Act, per 18 U.S.C. § 3161(b), was triggered when there was a federal arrest

for the purpose of responding to a federal charge. U.S. v. Johnson, 29 F.3d 940, 945 (5th Cir. 1994).[1]

4. In addition to the preliminary hearing transcript (attached as Exhibit "F" to the initial motion to dismiss), the proof of Brown's position is contained in FBI reports, parts of which are attached hereto as Exhibits "A" (FD-302, dated 11/7/24) and "B" (FD-302, dated 10/10/24). What these reports reveal is that there were 13 (thirteen) law enforcement officers that were part of the search and arrest of Brown, including TFO Jaye Coleman.[2] As seen in Exhibit "A," each officer was designated as an FBI agent. *See* Exhibit "A."

5. After Brown was detained, he was Mirandized by federal agents S.A. Zavier Williams, S.A. Samuel Case Fleming, and TFO Marshanne Gibbs. *See* Exhibit "B." All drug evidence that was seized was transported to the FBI Jackson Field Office and secured into evidence. At no point were the drugs provided to the State for prosecution.

6. All of this is important because, while Brown's argument certainly concerns the State's collusion with the federal government to prosecute him, he has always maintained that he was arrested by the federal government. Thus, there was still speedy trial violation since the federal government did not **unconditionally and immediately** release Brown after his arrest and declined to prosecute for the offenses. *See* U.S. v. Amuny, 767 F.2d 1113, 1120 (5th Cir. 1985). In Amuny, the defendants, after an extensive federal investigation of drug trafficking, were arrested by State and federal officers at an airport in Galveston, Texas for possession of a substantial amount of marijuana. *Id.* at 1118. Thereafter, the federal and state officers met with the Assistant U.S. Attorney who prosecuted for that

---

[1] The Court's July 8, 2026 order did not address this issue.
[2] TFO Jaye Coleman testified at Brown's State preliminary hearing and was responsible for obtaining a State bench warrant against Brown on October 3, 2024.

district and decided, despite Justice Department policy, to defer prosecution to the State. No federal charges were filed. *Id*. However later, the State charges were dismissed after a suppression hearing in State Court. At that point, the federal government pursued the case and the defendants were indicted. *Id*. In response to the defendants' motion to dismiss, the Fifth Circuit, on appeal, found that no federal arrest occurred to trigger 18 U.S.C. § 3161(b) because the federal government in good faith unconditionally and immediately relinquished control over to the State and released the defendants. *Id*. at 1120. As seen next, the same cannot be said in the case *sub judice*.

7. The federal government did not relinquish or prefer the charges to the State. On the contrary, it maintained control to prosecute Brown. According to the sworn testimony of TFO Jaye Coleman, the federal government was adopting the case from the State. *See* Exhibit "F" to initial Motion To Dismiss Indictment (page 11, Line 19 of the preliminary hearing transcript.) According to the FBI reports, the FBI agents interviewed Brown, maintained and placed the drugs in evidence under its control, and sent the drugs to its lab for forensic analysis. *See* Exhibit "A." There is no record that any State officers interviewed Brown or that the drugs were ever released to the State to prosecute. *See* Exhibit "F" (p. 20, Line 2-4 of the preliminary hearing transcript). In other words, the federal agents did more than participate and cooperate with the State to arrest Brown, it was the lead prosecuting authority and simply delayed obtaining an indictment until the results from the lab were obtained. *See* Exhibit "F" (p. 11, Lines 11-16).

8. As a consequence, this Court should reconsider its order denying relief to the Defendant and grant his motion to dismiss the indictment.

WHEREFORE, PREMISES CONSIDERED, the Defendant prays that the Court will grant another **evidentiary hearing** and, thereafter, grant the relief sought herein.

RESPECTFULLY SUBMITTED, this the 14th day of October, 2026.

TIMOTHY BROWN,
DEFENDANT

BY: **/s/ Sanford E. Knott**
SANFORD E. KNOTT, MSB #8477

OF COUNSEL:

SANFORD KNOTT & ASSOCIATES, P.A.
425 South State Street
Jackson, Mississippi 39201
Telephone Number: (601) 355-2000
Facsimile Number: (601) 355-2600

## CERTIFICATE OF SERVICE

I, Sanford Knott, attorney for the Defendant, do hereby certify that I have this day delivered, via CM/ECF and email, a true and correct copy to the following:

chet.kirkham@usdoj.gov
Charles W. Kirkham, Esquire
United States Attorney's Office
501 East Court Street, Suite 4.430
Jackson, Mississippi 39201

RESPECTFULLY SUBMITTED, this the 14th day of October, 2026.

**/s/ Sanford E. Knott**
SANFORD E. KNOTT, ESQUIRE