IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHER DIVISION

UNITED STATES OF AMERICA

v. CRIMINAL NO. 3:25-CR-78-DCB-ASH

TIMOTHY BROWN
a/k/a KT

**RESPONSE IN OPPOSITION TO MOTION TO RECONSIDER ORDER DENYING MOTION TO DISMISS INDICTMENT**

The Court should deny the Defendant's motion that the Court reconsider its order denying the Defendant's motion to dismiss the indictment. The Defendant's motion to reconsider brings with it no new facts or law that would change the Court's original analysis. The state court charge moved forward without input or coordination from the federal government; the state had a lawful basis to detain the Defendant that was independent of the federal basis for prosecution; and there is no evidence of bad faith by the state. The Defendant's motion for reconsideration should therefore be denied. In support thereof, the government states the following:

**BACKGROUND**

On January 16, 2026, the Defendant filed a motion to dismiss the indictment on speedy trial grounds. ECF No. 47. The Defendant's motion asserted that the speedy trial clock began to run when Brown was arrested in October 2024. *Id*. at 3. The Defendant further argued that state and federal law enforcement authorities colluded in a ruse to contravene the requirements of the Speedy Trial Act. *Id*. at 2. The government filed its response in opposition to the motion and the Defendant timely replied. ECF Nos. 51 and 53. The Court then conducted a hearing and thereafter denied the Defendant's Motion. ECF No. 61. The Defendant now asks that the Court reconsider its decision. ECF No. 65.

**LAW AND ANALYSIS**

In denying the Defendant's original motion to dismiss, the Court correctly ruled that if the detaining state authorities had a lawful basis for detaining a defendant, and the defendant does not prove bad faith, then the "ruse exception" is inapplicable. *United States v. Kelley*, 40 F.4th 276, 283 (5th Cir. 2022). In *Kelley*, the Fifth Circuit found that the state court charges were moving forward without coordination from the federal government, the state had a lawful basis to detain the defendant independent from the federal basis for prosecution, and that both the state and federal governments had independent statutory bases to prosecute him for the same conduct. *Id*. at 283-84. Therefore, the court refused to assume bad faith and found that the ruse exception to the Speedy Trial Act was inapplicable. *Id*. at 284.

The Defendant's motion for reconsideration relies heavily on *United States v. Amuny*, 767 F.2d 1113 (5th Cir. 1985). In that case, the Fifth Circuit affirmed the district court's denial of the defendant's motion to dismiss on Speedy Trial Act grounds. *Id*. at 1120-21. Key facts in *Amuny* are similar to the facts in this case. Working together, state and federal officers arrested two suspected narcotics traffickers at an airport. *Id*. at 1117-18. One of the investigative techniques used was the installation of an electronic tracking device on an airplane pursuant to a warrant issued by a federal magistrate. *Id*. at 1117. The defendants were subsequently indicted in state court, but the case was dismissed after a state court judge suppressed key evidence.[1] *Id*. at 1118. However, approximately two years later, a different federal prosecutor secured an indictment against the defendants after presenting the case to a grand jury. *Id*. The defendants moved to dismiss on several grounds, including an alleged violation of their speedy trial rights.

[1] The federal prosecutor assigned to the investigation deferred to the wishes of the investigating officers to pursue charges in state court rather than federal court. *Id*. at 1118. A federal grand jury then declined to indict the defendants based on the federal prosecutor's recommendation. *Id*.

*Id*. The Fifth Circuit considered the argument and found that:

> Although federal officials were involved intimately in the appellants' arrests, they relinquished control over the appellants shortly after the arrest and immediately after consulting with the federal prosecutor, and they did not file any criminal charges against the appellants **at that time**. This conduct did not violate the appellants' federal speedy trial rights.

*Id*. at 1120-21, emphasis added.

While there are obvious factual differences between this case and *Amuny* (no declination to indict by a federal grand jury, no two-year delay), key facts are identical. Specifically, state and federal officers worked together to execute a federal search warrant based on suspected drug trafficking activity. Gov. Resp., ECF No. 51, at 1. After his arrest, the Defendant was charged in state court, and a preliminary hearing was held. *Id*. at 2. No federal charges had been filed at the time of arrest. *Id*. In fact, the Defendant was arrested pursuant to a *state arrest warrant*. *Id*. Approximately seven months after the Defendant's arrest, a federal grand jury returned an indictment against him. *Id*.

In support of his motion, the Defendant relies on two FBI 302s. Def. Mot., ECF No. 65, Exhs. A and B. The Defendant also re-urges evidence he previously offered in support of his original motion to dismiss. Def. Mot., ECF No. 47, Exh. F. Neither changes the analysis supporting the Court's decision to deny the Defendant's original motion to dismiss.

The Defendant makes much of the arresting officers being designated as FBI "agents" in one of the 302s. ECF No. 65, Exh. A. However, the actual wording of the report notes that the team was comprised of law enforcement officers from the FBI, Jackson SWAT Team, FBI Jackson Safe Streets Task Force, FBI Special Agents, and FBI Task Force Officers ("TFO"). *Id*. Seven of the officers listed are noted as being TFOs. *Id*. Meaning that they are state law enforcement officers who are credentialed as federal TFOs. Gov. Resp., ECF No. 51, at 2.

The Defendant's motion to reconsider also relies on the seizure of drug evidence by federal agents, the testing of the same at a federal laboratory, and the attempted interview of the Defendant by a mixed team of FBI special agents and a state officer who was a TFO. Def. Mot., ECF No. 65, at 3; Exh. A.; Def. Mot., ECF No. 47, Exh. F. This emphasis by the Defendant ignores the key operative facts of the state charge and state court proceedings against the Defendant in the absence of a federal arrest warrant or charges. As the Court stated in its order denying the Defendant's original motion, the analysis requires a fact driven approach that examines the timeline of the "initial arrest on state charges, the exchange of information between state and federal officials, and the timing of the federal indictment." Order, ECF No. 61, at 7 (citing *United States v. Garcia*, No. 2:21-CR-00589, 2025 WL 57740 (S.D. Tex. Jan. 9, 2025).

The Defendant's motion for reconsideration lacks any evidence showing that the primary or exclusive purpose for which state officials sought to detain the Defendant in state court was to hold the Defendant for future federal criminal prosecution and to violate the Defendant's speedy trial rights. State officials were acting based on a state arrest warrant in the absence of any federal charges or federal arrest warrant. Indeed, the Defendant's due process rights were protected when the state court conducted a preliminary hearing. Def. Mot., ECF No. 47, Exh. F.

The Court considered the filings of the parties and heard evidence in open court. Order, ECF No. 61, at 9. After considering the evidence, the Court concluded that the Defendant "failed to show coordination or cooperation, much less collusion, between state and federal officials with regard to the timing of the prosecution of this case." *Id*. at 10. Which officers arrested the defendant and where specific evidence was stored do not change the core facts that the Defendant was arrested on a state charge and had a hearing in state court in the absence of any federal arrest warrant, charge, or indictment. As this Court observed in its order, cooperation

between federal and state officials is not tantamount to collusion which would convert a state arrest into a federal arrest, thereby triggering the Speedy Trial Act clock. Order, ECF No. 61, at 10-11 (citing *United States v. Johnson*, No. 3:18-CR-217-DPJ-FKB, 2021 WL 3179308, at *3-*4 (S.D. Miss. Jul. 26, 2021).

**CONCLUSION**

The Defendant's motion for reconsideration does not present any new facts that materially change the Court's reasons for denying the Defendant's original motion. The Defendant has failed to show that he was arrested and held by state authorities for the primary or exclusive purpose of evading the Speedy Trial Act. The Defendant's Motion to Reconsider Order Denying Motion to Dismiss Indictment [ECF No. 65] should be denied.

Respectfully submitted, this 30th day of October 2026.

J.E. BAXTER KRUGER
UNITED STATES ATTORNEY

By: *s/Charles W. Kirkham*___________
CHARLES W. KIRKHAM
501 East Court Street, Suite 4.430
Jackson, MS 39201
Telephone: (601) 965-4480
Fax: (601) 965-4409
Mississippi Bar No. 102022
Email: chet.kirkham@usdoj.gov

**CERTIFICATE OF SERVICE**

I, Charles W. Kirkham, hereby certify that on this day, I have this day filed the foregoing with the Clerk of the Court using the electronic filing system, ("ECF"), which sent notification to all parties of record.

This the 30th day of October 2026.

*/s/ Charles W. Kirkham*___________
CHARLES W. KIRKHAM
Assistant United States Attorney